**ORIGINAL**

AO 241 (Rev. 5/85)

PETITION UNDER 28 USC § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District EASTERN DISTRICT |
|---|---|
| Name HOUA LAO | Prisoner No. F-08644  Case No. 02-ECU418 |

**FILED DEC 29 2008
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY J. HELLINGS
DEPUTY CLERK**

Place of Confinement: PELICAN BAY STATE PRISON

Name of Petitioner (include name under which convicted): HOUA LAO

v.

Name of Respondent (authorized person having custody of petitioner): PEOPLE OF CALIFORNIA

The Attorney General of the State of: EDMUND G. BROWN JR.

PETITION 1:08-CV-1968 DLB (HC)

1. Name and location of court which entered the judgment of conviction under attack: SACRAMENTO Co. SUPERIOR COURT

2. Date of judgment of conviction: DECEMBER 9, 2005

3. Length of sentence: LIFE WITHOUT PAROLE, 25 yrs, 20 yrs.

4. Nature of offense involved (all counts): 187 Subd(a), (do4) 187 SUBD.(c), 12034 SUBD(d), 186.22(b)

5. What was your plea? (Check one)
   (a) Not guilty ☑
   (b) Guilty ☐
   (c) Nolo contendere ☐

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury ☑
   (b) Judge only ☐

7. Did you testify at the trial?
   Yes ☐   No ☑

8. Did you appeal from the judgment of conviction?
   Yes ☑   No ☐

**RECEIVED DEC 29 2008
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK**

(2)

AO 241 (Rev. 5/85)

9. If you did appeal, answer the following:

(a) Name of court __SACRAMENTO CO. SUPER. CT. DIRECT APPEAL__

(b) Result __DENIAL__

(c) Date of result and citation, if known __N/A__

(d) Grounds raised __CONTRIVED SELF-DEFENSE__

(e) If you sought further review of the decision on appeal by a higher state court, please answer the following:

(1) Name of court __CALIFORNIA SUPRE CT. PETITION FOR REVIEW__

(2) Result __DENIAL__

(3) Date of result and citation, if known __MARCH 12, 2008__

(4) Grounds raised __CONTRIVED SELF DEFENSE__

(f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:

(1) Name of court _____

(2) Result _____

(3) Date of result and citation, if known _____

(4) Grounds raised _____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?
Yes ☐  No ☒

11. If your answer to 10 was "yes," give the following information:

(a) (1) Name of court _____

(2) Nature of proceeding _____

(3) Grounds raised _____



AO 241   (Rev. 5/85)

_____

_____

_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐   No ☒

(5) Result _____

(6) Date of result _____

(b) As to any second petition, application or motion give the same information:

(1) Name of court _____

(2) Name of proceeding _____

(3) Grounds raised _____

_____

_____

_____

_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐   No ☒

(5) Result _____

(6) Date of result _____

(c) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?
(1) First petition, etc.    Yes ☒   No ☐
(2) Second petition, etc.  Yes ☒   No ☐

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____

_____

_____

12. State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting same.
    CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

(4)



AO 241   (Rev. 5/85)

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted your state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.
(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: DENIAL OF EFFECTIVE ASSISTANCE OF COUNSEL

Supporting FACTS (state *briefly* without citing cases or law): DURING PETITIONERS JURY TRIAL MAIN PROSECUTION WITNESS, A MR XIONG, GAVE CONFLICTING STATEMENTS TO SACRAMENTO PD DETECTIVES ON 2/5/02 & 2/15/02. IN THESE STATEMENTS, XIONG CLAIMES NOT TO BE A GANG MEMBER. A SPD DET. A. LEE INTERVIEWED XIONG ON 2/5/02, XIONG STATES AGAIN HE IS NOT A GANG MEMBER. ON 2/15/02 A DET.
CONT ON PG. 2

B. Ground two: PROSECUTION MISCONDUCT

Supporting FACTS (state *briefly* without citing cases or law): ON 2/4/02 PETITIONER LAO WAS INTERVIEWED BY SPD DET KELLER, IN THIS, LAO WAS QUESTIONED AS TO THE STATUS OF A CAR AND HIS WHEREABOUTS. ON PAG 116 LINE 16 OF THE INTERVIEW LAO STATES "I HAVE NO IDEA, I DON'T KNOW. I JUST KNOW THE CAR WAS THERE. DDA FROWLEY REQUESTED A NEW COPY OF THIS INTERVIEW
CONT ON PG. 2

(5)

Pat Keller interviewed Xiong, in that statement Xiong says: "I am ROB/HNS, which is a known Sacramento street gang. Defense counsel never fully cross examined, nor questioned Xiong on his inconsistant statements to Detectives. Such questioning would have let to Xiong being proved to be an unreliable witness.

Xiong gives another statement on 2/5/02 in which he states to Det. Lee to have not fired a weapon, nor any of his compainions on the night of the shooting. Petitioners Defense did not request a gun shot residue (GSR) test for all prosecution witnesses clothing. GSR tests should have been done to establish which parties fired weapons and were present. Xiong denied firing a weapon during the altercation (RT 312-313) However G.S.R. tests showed that he had gunshot residue on his hands in a pattern consistent with recently firing a gun (RT 831-835, 862-863) This fact, if followed up by Defense Counsel, which was not, in Petitioners belief, would impeach witness Xiong. Xiong lied to Detectives and again on the stand.

A witness, a Mr. Vang Vang gives a statement on June 7, 2002 to SPD INV. Mark

Rall to have witnessed a black car driving southbound on Western Ave. through the kitchen window while washing his hands. This is directly contradicted by Mr. Xiong! Xiong puts Vang Vang right besides him in his 2/5/02 statement to Det. Lee, at the time of the shooting. Vang Vang's clothing, at the request of defense counsel, should have been tested for G.S.R. thus proving he lied to detectives. The credibility of both Xiong and Vang Vang should have been challenged by defense counsel.

Ballistics experts determined the shattered passenger window, the intact drivers side windows and the absence of any fired slug in the car required a shot fired at the car from the north ie: as it drove the street towards 3212 Western where Xiong and his party were standing. This is constant with Xiong having fired first. Police detectives did not search opposite side of Western to look for bullets. They also failed to search 3212 Western itself. Petitioner counsel failed to even question police detectives as to why?

The peoples forensics expert determined the bullets fired at the car were fired from outside towards the car. Fracture marks on

the rear window aligned with fracture marks on the front windshield, indicating that the bullet(s) exited through the front windshield FROM the rear (RT 839-843, 863)

Based on evidence that the alleged "victims" actually fired weapons, whether aggressively or defensively, Xiong denied that "their" side had fired at all (1 RT 203-204, 2 RT 327-328, 4 RT 1017-1083, 1084) In sum, there was evidence that the gang members on the street fired first, thus petitioner only acted in imperfect self defense.

Defense counsel never raised any of these points during trial, therefor denying petitioner an effective defense

FROM DET. KELLER DUE TO IT HAVING TO "APPEARED" TO NOT HAVE RECORDED PROPERLY. THIS NEW COPY OF THE INTERVIEW IS IN MAJOR WAYS INCONSISTENT WITH THE FIRST COPY.

ON PAGE 116 LINE 19 OF THE "NEW" COPY IT STATES . . . "I JUST KNOW THAT THE CAR WAS STOLEN." . . . THIS TIDBIT OF INFORMATION WAS NOT IN THE FIRST COPY.

PROSECUTION NEVER RELAYED TO THE JURY THE FACT THAT ON ONE HAND, IN THE FIRST COPY LAO STATES . . . TO NOT KNOW THE STATUS OF THE CAR, BUT CHOSE TO ONLY GIVE THE NEW COPY WHICH PUT PETITIONER LAO IN A BAD LIGHT, IN THAT HE KNEW THE CAR WAS STOLEN.

CONTINUOUS INCONSISTANT TRANSCRIBING BETWEEN FIRST AND SECOND COPIES CONTINUES. PAGE 116 LINE 23, LAO STATES: "THEN WE WENT LIKE CRUSING AROUND ANOTHER TOWN, THEN WE WENT CRUSING AROUND." IN THE "NEW" COPY DONE BY DET. KELLER, IT STATES ON PAGE 17 LINE 14 . . . "WE WENT CRUSING AROUND "NORTH" TOWN AND THEN WE WENT CRUSING AROUND.

THIS CHANGE BY DET. KELLER IS AGAIN IN AIM TO PUT PETITIONER IN A BAD LIGHT

TO THE JURY.

LAO IS FOREIGN BORN SO IS STILL LIVING WITH AN ACCENT, THIS DOES NOT GIVE PROSECUTION NOR DETECTIVES LIBERTY IN TRANSLATION OF STATEMENTS.

IT SHOULD HAVE BEEN TOLD TO THE JURY ABOUT THE FIRST COPY OF LAO'S INTERVIEW. BY GIVING ONLY ONE, THE SECOND COPY, TO THE JURY, IT MAKES THE PETITIONER OUT TO SHOW HE KNEW THE STATUS OF THE CAR, WHEN HE IN FACT DID NOT.

DDA FRAWLEY AND DET KELLER FAILED TO SUPPLY THE JURY WITH EVIDENCE FAVORABLE TO THE DEFENDANT.



AO 241    (Rev. 5/85)

C. Ground three: _____

Supporting FACTS (state *briefly* without citing cases or law): _____

_____

_____

_____

_____

_____

D. Ground four: _____

Supporting FACTS (state *briefly* without citing cases or law): _____

_____

_____

_____

_____

_____

_____

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: _____

_____

_____

_____

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
    Yes ☐   No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
    (a) At preliminary hearing CAROL F. POLIDO
    700 H. ST. SUITE 270 SACRAMENTO CA 95814

    (b) At arraignment and plea _____



AO 241   (Rev. 5/85)

(c) At trial  AMY ROGERS
700 H. ST SUITE 200 SACRAMENTO CA 95814

(d) At sentencing  AMY ROGERS
700 H. ST SUITE 200 SACRAMENTO CA 95814

(e) On appeal  MARK D. GREENBERG
484 LAKE PARK AVE #429 OAKLAND CA 94610

(f) In any post-conviction proceeding  MARK D GREENBERG

(g) On appeal from any adverse ruling in a post-conviction proceeding _____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
    Yes ☒   No ☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
    Yes ☐   No ☒
    (a) If so, give name and location of court which imposed sentence to be served in the future: _____

    (b) Give date and length of the above sentence: _____

    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
    Yes ☐   No ☒

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

12-23-08
Date

_____
Signature of Petitioner



## PROOF OF SERVICE BY MAIL

(C.C.P. Sec. 101a #2015-5, U.S.C. Sec. 1746)

I, Houa Lao, am a resident of Pelican Bay State Prison, in the County of Del Norte, State of California. I am over the age of eighteen (18) years and am a party to this action.

My State Prison address is: Pelican Bay State Prison, P.O. Box 7500, Housing Unit A6 Cell Number 212, Crescent City, CA 95532-7500.

On the _____ day of _____, I served the following (set forth the exact title of document(s) served):

HABEAS CORPUS EASTERN DIST.

_____

_____

On the party(s) herein by placing a true copy(s) thereof, enclosed in a sealed envelope(s), with postage thereon fully paid, in the United States mail, in a receptacle so provided at Pelican Bay State Prison, Crescent City, CA 95532, and addressed as follows:

CLERK, US DIST. CT.
2500 TULARE ST. SUITE 1501
FRESNO, CA 93721

I declare under penalty of perjury that the foregoing is true and correct:

_Houa Lao_     12-23-08
Inmate Signature     Date