1  EDMUND G. BROWN JR., State Bar No. 37100
   Attorney General of California
2  STEPHEN G. HERNDON, State Bar No. 130642
   Supervising Deputy Attorney General
3  MELISSA LIPON, State Bar No. 217719
   Deputy Attorney General
4    1300 I Street, Suite 125
     P.O. Box 944255
5    Sacramento, CA 94244-2550
     Telephone:  (916) 327-9671
6    Fax:  (916) 324-2960
     E-mail:  Melissa.Lipon@doj.ca.gov
7  *Attorneys for Respondent*

8                  IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11

12

13  **HOUA LAO,**                              2:08-cv-3171 EFB P

14                            Petitioner,

15         **v.**                              **MOTION TO DISMISS**

16

17  **FRANCISCO JACQUES, Warden,**

18                            Respondent.

19

20

21

22

23

24

25

26

27

28

1

2          Pursuant to the order of this Court, respondent Francisco Jacques, Warden of Pelican Bay

3   State Prison, California Department of Corrections and Rehabilitation, respectfully moves this

4   Court to dismiss the First Amended Petition for Writ of Habeas Corpus ("Pet.") filed April 1,

5   2009, on the grounds that the Petition is within the meaning of 28 U.S.C. § 2254(b).

6          Respondent bases this Motion on the records and files in this case, on the attached

7   Memorandum of Points and Authorities, and on any documentary or other evidence presented at

8   any hearing on the matter.

9          WHEREFORE, Respondent respectfully requests that this Court dismiss the Petition for

10  Writ of Habeas Corpus.

11  Dated:  September 4, 2009                         Respectfully Submitted,

12                                                   EDMUND G. BROWN JR.
                                                     Attorney General of California
13                                                   STEPHEN G. HERNDON
                                                     Supervising Deputy Attorney General
14

15

16                                                   /s/ Melissa J. Lipon
                                                     MELISSA LIPON
17                                                   Deputy Attorney General
                                                     *Attorneys for Respondent*

18  SA2009310530
    30850821.doc
19

20

21

22

23

24

25

26

27

28

1

Motion to Dismiss

1

2

3

# MEMORANDUM OF POINTS AND AUTHORITIES
# PRELIMINARY STATEMENT

4      On December 9, 2005, in the Sacramento County Superior Court ("the trial court"),

5   Petitioner Houa Lao was sentenced to an aggregate state prison term of life without the possibility

6   of parole, supplemented by an indeterminate consecutive term of 25 years to life, plus 20 years

7   pursuant to the judgment in case number 02F01534.

8      After briefing by the parties (Lodged Docs. 1-3), the Court of Appeal of the State of

9   California, Third Appellate District ("Court of Appeal") affirmed Petitioner's conviction and

10   sentence in an unpublished decision on November 30, 2007, in case number C051473.  (Lodged

11   Doc. 4.)  On January 2, 2008, Petitioner filed a Petition for Review in the Supreme Court of

12   California.  (Lodged Doc. 5)  On March 12, 2008, the California Supreme Court denied the

13   Petition for Review.  (Lodged Doc. 6)

14      The instant Petition was filed with this Court on April 1, 2009.[1]

15   **I.   THE INSTANT PETITION IS UNEXHAUSTED AS PETITIONER'S CLAIMS HAVE NOT BEEN RAISED IN THE CALIFORNIA SUPREME COURT**

16      **A.   Petitioner's Claims**

17

18      Petitioner includes his California Supreme Court Petition for Review as an unnumbered

19   attachment to the Petition.   Respondent has also included the Petition for Review in his lodging.

20   (Lodged Doc. 5.)  In it, Petitioner raised three grounds for relief:

21      1. In a gang case in which the prosecution's theory was that of a "drive-by shooting,"
   and in which there was evidence of firing from the alleged victim's side, is it error to

22   instruct in accord with CALJIC No. 5.55 on pretextual self-defense when there was
   no evidence of intent to provoke the other side, but where the case had to be resolved

23   either as murder or as perfect or imperfect self-defense; and if the giving of CALJIC
   No. 5.55 was error, did it deprive appellant of his Sixth and Fourteenth Amendment

24   right to a meaningful opportunity to present a defense?

25      2. Is the 1997 revision of CALJIC No. 5.17, informing the jurors that imperfect self-
   defense is unavailable "if the defendant by his unlawful or wrongful conduct created

26

27      [1] Petitioner filed his original federal habeas corpus petition on December 29, 2008.  On
   March 6, 2009, this Court dismissed the petition with leave to file an amended petition within 30
   days.

28

the circumstances which legally justif[ied] his adversary's use of force" an incorrect statement of law, which has now been corrected by CALCRIM 571m which omits this proviso, and did the giving of this erroneous instruction deprive appellant of his Sixth and Fourteenth Amendment right to a meaningful opportunity to present a defense?

3.  Do consciousness of guilt and inference of guilt instructions aimed at the defendant along violate due process?

(Lodged Doc. 5 at 1-2.)

In his federal Petition, Petitioner raises four grounds for relief:

1.  "Insufficient Evidence to Convict Petitioner of Murder and Attempted Murder[.]"  (Pet. at 5.)

2.  "Denial of effective assistance of counsel."  (Pet. at 5.)

3.  "INEFFECTIVE ASSISTANCE OF CO-DEFENDED [*SIC*] COUNSEL FOR GIVING INEFFECTIVE EXAMPLE IN CLOSING ARGUMENT THAT DEFEATED THE DEFENSE THEORY OF SELF-DEFENSE[.]"  (Pet. at 14-15.)

4.  "THE COURT ERRED BY FAILING TO DECLARE A MISTRIAL."  (Pet. at 6.)

**B.    Legal Standards**

A state prisoner must exhaust his state court remedies before a federal court may consider granting habeas corpus relief.  28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999).  To satisfy the exhaustion requirement, a habeas petitioner must fairly present his federal claims in the state courts in order to give the state the opportunity to pass upon and correct alleged violations of the prisoner's federal rights.  *Duncan v. Henry*, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (per curiam) (citing *Picard v. Connor*, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971)).  A habeas petitioner must give the state courts "one full opportunity" to decide a federal claim by carrying out "one complete round" of the state's appellate process in order to properly exhaust a claim.  *O'Sullivan*, 526 U.S. at 845.  He must present his claims to the highest state court with jurisdiction to consider it or demonstrate that there are not any remaining state remedies remains.  See *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996); *Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (petitioner must reach point where he does not have any state remedies available to him at the time he files his federal habeas petition).

3

1    To "fairly present" a federal claim to the state courts, a petitioner must alert the state courts

2    to the fact that he is asserting a claim under the United States Constitution. *Hiivala v. Wood*, 195

3    F.3d 1098, 1106 (9th Cir. 1999) (per curiam) (citing *Duncan*, 513 U.S. at 365-66). A petitioner

4    must characterize the claims he raised in state proceedings specifically as federal claims by: (1)

5    referencing specific provisions of the federal constitution or statutes, (2) citing to federal case

6    law, or (3) citing to state cases analyzing a federal constitutional issue. See *Fields v. Waddington*,

7    401 F.3d 1018, 1021 (9th Cir. 2005).

8            **C.    The Petition Is Completely Unexhausted and Must Be Dismissed**

9            The instant Petition must be dismissed because the claims in the Petition are unexhausted.

10   As shown above, Petitioner's claims before the California Supreme Court and in this Petition are

11   completely different.  In the Supreme Court petition he raised only instructional error issues.  In

12   the instant Petition, Petitioner seeks relief based solely upon trial errors.  The Petition is therefore

13   wholly unexhausted.

14           The circumstances of the instant Petition are identical to those in *Rasberry v. Garcia*, 448

15   F.3d 1150 (9th Cir. 2006).  In that case the petitioner's federal petition did not contain his state

16   habeas claims and was entirely unexhausted.  *Id*. at 1152.  On appeal, the Ninth Circuit rejected

17   the petitioner's argument that the District Court had an obligation to inform him that he could

18   amend his petition to include his exhausted claims.  *Id*. at 1153.  Instead, the Ninth Circuit held

19   that "once a district court determines that a habeas petition contains only unexhausted claims, it

20   need not inquire further as to the petitioner's intentions.  Instead, it may simply dismiss the

21   petition for failure to exhaust."  *Id*. at 1154.  To require otherwise would violate the Supreme

22   Court's holding that "[d]istrict judges have no obligation to act as counsel or paralegal to pro se

23   litigants."  *Id*. (citing *Pliler v. Ford*, 542 U.S. 225, 231, 124 S. Ct. 2441, 159 L. Ed. 2d 338

24   (2004)).

25           The Ninth Circuit has held that not only may the district court dismiss an entirely

26   unexhausted petition, but "habeas relief must be denied if the petitioner has not 'exhausted the

27   remedies available in the courts of the State.'"  *Davis v. Silva*, 511 F.3d 1005, 1008 (9th Cir.

28   2008) (citing 28 U.S.C. § 2254(b)(1)(A) and *Muhammad v. Close*, 540 U.S. 749, 751, 124 S. Ct.

1   1303, 158 L. Ed. 2d 32 (2004))(emphasis added).  Petitioner has not exhausted his claims in state

2   court.  This Court must therefore dismiss the Petition.

3       Petitioner may still have an available state remedy, namely the filing of a proper petition for

4   a writ of habeas corpus in California Supreme Court presenting the unexhausted claims.  *In re*

5   *Harris*, 5 Cal. 4th 813, 828-29, 21 Cal. Rptr. 2d 373 (1993).[2]  However, because his Petition

6   consists entirely of unexhausted claims, it must be dismissed.  *Rasberry v. Garcia*, 448 F.3d at

7   1154.

8                                    **CONCLUSION**

9       Based on the foregoing, Respondent respectfully requests that the Petition for Writ of

10  Habeas Corpus be dismissed.

11

12  Dated:  September 4, 2009                    Respectfully Submitted,

13                                               EDMUND G. BROWN JR.
                                                 Attorney General of California
14                                               STEPHEN G. HERNDON
                                                 Supervising Deputy Attorney General

15

16

17                                               /s/ Melissa J. Lipon
                                                 MELISSA LIPON
18                                               Deputy Attorney General
                                                 *Attorneys for Respondent*

19

20

21

22

23

24      [2] In the event Petitioner seeks further relief from the California Supreme Court on his
    claims, he might be foreclosed from obtaining a ruling on the merits, depending upon whether he
25  can explain and justify any delay in presenting his claim there.  Depending upon the showing,
    Respondent might well argue in the future, both in the California Supreme Court or upon another
26  petition filed in this Court, that procedural default bars that claim. *See Russell v. Rolfs*, 893 F.2d
    1033, 1037-39 (9th Cir. 1990); *see also Slack v. McDaniel*, 529 U.S. 473, 489, 120 S. Ct. 1595,
27  146 L. Ed. 2d 542 (2000) (noting that following the dismissal of a mixed petition, "the State
    remains free to impose proper procedural bars to restrict repeated returns to state court for post-
28  conviction proceedings.").

## **DECLARATION OF SERVICE BY U.S. MAIL**

Case Name:   **Lao v. Jacques**
No.:   **CIV S-08-3171 EFB P**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made.  I am 18 years of age or older and not a party to this matter.  I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service.  In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On September 4, 2009, I served the attached MOTION TO DISMISS by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 1300 I Street, Suite 125, P.O. Box 944255, Sacramento, CA 94244-2550, addressed as follows:


**Houa Lao**
F-08644
PELICAN BAY STATE PRISON
(7500)
P.O. BOX 7500
CRESCENT CITY, CA 95532-
7500


I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on September 4, 2009, at Sacramento, California.

/s/ Melissa J. Lipon

Signature

SA2009310530
30854342.doc