IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HOUA LAO,

      Petitioner,                    No. CIV S-08-3171 MCE EFB P

    vs.

FRANCISCO JACQUES, Warden,

      Respondent.                FINDINGS AND RECOMMENDATIONS

      Petitioner is a state prisoner without counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. This action proceeds on the April 1, 2009 amended petition. Respondent moves to dismiss this action upon the ground that all of petitioner's claims are unexhausted. Petitioner opposes the motion, asserting that his petition contains both exhausted and unexhausted claims. He requests that the court stay this action and hold his mixed petition in abeyance while his unexhausted claims are pending in state court. Respondent filed neither a reply brief nor an opposition to petitioner's motion to stay. As set forth below, the court recommends that both motions be denied.

////

////

////

1

## I. Exhaustion of State Remedies

A district court may not grant a petition for a writ of habeas corpus unless the petitioner has exhausted available state court remedies. 28 U.S.C. § 2254(b)(1). A state will not be deemed to have waived the exhaustion requirement unless the state, through counsel, expressly waives the requirement. 28 U.S.C. § 2254(b)(3).

Exhaustion of state remedies requires that petitioners fairly present federal claims to the highest state court, either on direct appeal or through state collateral proceedings, in order to give the highest state court "the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (some internal quotations omitted). "[A] state prisoner has not 'fairly presented' (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law." *Lyons v. Crawford*, 232 F.3d 666, 668 (9th Cir. 2000), *amended by*, 247 F.3d 904 (9th Cir. 2000). "[T]he petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is self-evident . . . ." *Id.* (citations omitted); *see also Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) ("a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief"); *Duncan*, 513 U.S. at 365-66 (to exhaust a claim, a state court "must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution").

The court may stay a mixed petition, i.e., one containing exhausted and unexhausted claims, to allow a petitioner to present unexhausted claims to the state courts. *Rhines v. Weber*, 544 U.S. 269, 277 (2005). A court may not, however, stay a completely unexhausted petition. *Jiminez v. Rice*, 276 F.3d 476, 481 (9th Cir. 2001) (court must dismiss petition containing no exhausted claims).

////

////

**II.    Discussion**

Respondent asserts that the instant petition raises the following four grounds for relief:

1. "Insufficient Evidence to Convict Petitioner of Murder and Attempted Murder[.]" (Pet. at 5.)

2. "Denial of effective assistance of counsel." (Pet. at 5.)

3. "INEFFECTIVE ASSISTANCE OF CO-DEFENDED [SIC] COUNSEL FOR GIVING INEFFECTIVE EXAMPLE IN CLOSING ARGUMENT THAT DEFEATED THE DEFENSE THEORY OF SELF-DEFENSE[.]" (Pet. at 14-15.)

4. "THE COURT ERRED BY FAILING TO DECLARE A MISTRIAL." (Pet. at 6.)

Resp.'s Mot. to Dism., Dckt. No. 19, at 3-4. Respondent argues that these four claims are unexhausted because petitioner never raised these claims in a petition before the California Supreme Court. Dckt. No. 19 at 4. In his November 23, 2009 opposition brief, petitioner concedes that these four claims are unexhausted. Dckt. No. 23 at ¶¶ 5-7.

However, as noted petitioner also asserts that he has filed a mixed petition. *Id.* at 1. In addition to the four claims listed above, he contends that he raised three additional, exhausted claims listed in "Appendix 1" of his petition. Appendix 1 is a copy of the petition for review that he filed in the California Supreme Court. *Id.* ¶ 5; Dckt. No. 24 at 2; *see also* Am. Pet., Appx. 1. Construing the instant petition liberally, as this court is required to do, it finds that the petition raises seven, as opposed to four, grounds for relief. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001). The three additional claims identified by petitioner consist of the following:

1. In a gang case in which the prosecution's theory was that of a "drive-by shooting," and in which there was evidence of firing from the alleged victim's side, is it error to instruct in accord with CALJIC No. 5.55 on pretextual self-defense when there was no evidence of intent to provoke the other side, but where the case had to be resolved either as murder or as perfect or imperfect self-defense; and if the giving of CALJIC No. 5.55 was error, did it deprive appellant of his Sixth and Fourteenth Amendment right to a meaningful opportunity to present a defense?

3

|   |   |   |
|---|---|---|
| 1 | 2. | Is the 1997 revision of CALJIC No. 5.17, informing the jurors that imperfect self-defense is unavailable "if the defendant by his unlawful or wrongful conduct created the circumstances which legally justif[ied] his adversary's use of force" an incorrect statement of law, which has now been corrected by CALCRIM 571, which omits this proviso[n], and did the giving of this erroneous instruction deprive appellant of his Sixth and Fourteenth Amendment right to a meaningful opportunity to present a defense? |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | 3. | Do consciousness of guilt and inference of guilt instructions aimed at the defendant along violate due process? |

Am. Pet., Appx. 1 at 1-2. Petitioner presented these three claims to the California Supreme Court in a petition for review, which was denied on March 12, 2008. Resp.'s Mot. to Dism., Lodg. Docs. in Supp. Thereof 5, 6. It appears, therefore, that these claims are exhausted and the instant petition is mixed. While a wholly unexhausted petition must be dismissed, the court has discretion to stay a mixed petition. *Jiminez*, 276 F.3d at 481 (court must dismiss petition containing no exhausted claims); *Rhines*, 544 U.S. at 277 (court may stay mixed petition).

Pursuant to *Rhines*, petitioner requests that the court stay this action while his four unexhausted claims are pending in state court. Dckt. No. 24 at 5. With his motion, petitioner attaches a copy of the petition he filed in the California Supreme Court on October 28, 2009, which includes the four unexhausted claims, and is designated as case number S177462. *Id.*, Ex. A. A review of the California Supreme Court's docket shows that petitioner's application in case number S177462 was denied on April 14, 2010.[1] In light of this denial, petitioner's claims are no longer pending in state court, and his request to stay this action must be denied as moot. Further, respondent's motion must be denied, as it rests on the ground that petitioner never raised these four claims before the California Supreme Court.

////

////

////

---

[1] A court may take judicial notice of court records. *See MGIC Indem. Co. v. Weisman*, 803 F.2d 500, 505 (9th Cir. 1986); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

4

Accordingly, it is hereby RECOMMENDED that:

1. Respondent's September 4, 2009 motion to dismiss be denied;

2. Petitioner's November 23, 2009 motion to stay be denied as moot; and

3. Respondent be directed to file an answer in response to petitioner's April 1, 2009 application within 60 days from the date of this order. *See* Rule 4, Fed. R. Governing § 2254 Cases.  Respondent be directed to include with his response any and all transcripts or other documents relevant to the determination of the issues presented in the application. *See* Rules 4, 5, Fed. R. Governing § 2254 Cases; and

4. Petitioner be directed that his reply, if any, shall be filed and served within 30 days of service of an answer.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 11, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE